**FLEWELLEN et al. v. LOGAN et al.**
No. 9021.

Circuit Court of Appeals, Fifth Circuit.
Aug. 12, 1939.

For original opinion, see 105 F.2d 268.

W. T. Saye and J. N. Saye, both of Longview, Tex., and E. J. Fountain, of Houston, Tex., for appellants.

B. K. Goree, Geo. W. Rice, and Wm. S. Harris, all of Fort Worth, Tex., and Rhodes S. Baker, Harold F. Thompson, and Carlton R. Winn, all of Dallas, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

## PER CURIAM.

■ Appellants, in their motion for rehearing, complain of the statement in the opinion, "if Stanolind et al. had recovered from Logan, it is quite clear that the plaintiffs would have had no case either for forfeiture or for damages." Their complaint is that the part of the statement referring to damages is dictum and prejudicial to them in the suits for damages against Stanolind et al. they have pending in the state court. They ask that the words "either" or "for damages" be stricken from it. We agree with appellants that the statement as to damages was unnecessary to the decision, and so agreeing, strike it from the opinion.

■ Appellants, disclaiming any right to have the court dissertate on the point, further complain of the brevity and restraint with which the court disposed of their alternative claim against the trustee, for damages for non-development. They insist that its disposition with the bare statement "the finding of the trial judge, that plaintiffs had not competently proved the fact or extent of their alleged damages, is fully supported by the record," is too meagre. They seem to think that this court should formulate and set out findings and conclusions of its own, and explain how it arrived at them.

We cannot agree with this view. The decision mainly relied upon by appellants, Texas Pacific Coal & Oil Company v. Barker, 117 Tex. 418, 6 S.W.2d 1031, 1034, 1035, 60 A.L.R. 936, was one reversing a judgment for damages because of plaintiffs' failure to plead his case with sufficient definiteness, the court saying: "The amount and value of oil or gas production, obtained or obtainable through reasonable diligence, must be definitely alleged, and must be proven with reasonable certainty before damages may be allowed for breach of an express or implied covenant to continue the production of oil or gas, whether such damages result from failure to produce oil or gas or from loss of same by drainage."

■ The covenant for prudent development is implied, not to furnish a basis for speculative and exaggerated claims, but to compel development where the rights of lessors are being neglected and injured. Whether a case for damages, for failure to reasonably develop has been made out, is for the court or jury trying the case. The District Judge upon a full hearing concluded that no such case was made out. "Appellate courts ordinarily refuse to reverse rulings of trial courts based on the juries' findings in such cases, unless they are clearly contrary to the weight of the evidence," Summers Oil and Gas, Permanent Edition, Vol. 2, page 380, § 414. Nothing in this record furnishes any reason for our departure from that rule.

■ Appellants, in addition, insist that they should at least have had an award of nominal damages and an order remanding the cause with directions to the trial court to ascertain the number of wells necessary to adequately develop the property; and to enter an order directing appellees to drill such wells. Aside from the fact that this proceeding originated in the bankruptcy court, in a claim of title to property and the suggested relief of specific performance would hardly be appropriate in such a proceeding, appellants neither prayed for nor asked such relief in the court below. They may not ask it now. This suit, both in allegation and in prayer, was confined to a claim that the lease had been forfeited with an alternative claim for damages for failure to adequately develop it in the past. Nothing in the judgment in the suit nor in our affirmance of it prevents or stands in the way of any relief plaintiffs may seek as to the future.

The statement as to damages, of which appellants complain, will be stricken from the opinion. The motion for rehearing is denied.